## ORMSBY V. HALE.

Defendant executed a note, interest coupon notes, and a trust deed. The payee and trustee were officers of an investment company, which had issued debenture bonds, and the papers were delivered by such officers to certain trustees for the holders of such bonds, the investment company to receive all interest or interest coupons due, unless such trustees were notified that the company had failed to pay interest on any such bond. At maturity of a coupon, January 1, 1894, it was returned to such company, and retained until a receiver was appointed, the next June, and held by the receiver until he sold it to plaintiff, in 1898. In 1896 the trustees for the bondholders sold the principal note and trust deed to a purchaser, to whom the payee and trustee named in the deed executed an assignment in due form of the mortgage and the note or notes secured thereby. The same year defendant conveyed the mortgaged property to such purchaser in full payment of the debt, and the purchaser canceled the principal note and trust deed. *Held*, that, even if the sale by the trustees for the bondholders did not carry with it the 1894 coupon, the transfer executed by the payee and trustee in the trust deed conveyed the principal note and all coupons to the purchaser, and by such settlement between him and defendant the 1894 coupon was paid.

(Opinion filed November 20, 1901.)

Appeal from circuit court, Meade county. Hon. JOSEPH B. MOORE, Judge.

Action by Alvin L. Ormsby against John D. Hale. From a judgment for defendant, plaintiff appeals. Affirmed.

*Chas. C. Polk,* for appellant.

*Edwin Van Cise* and *Wesley Stewart,* for respondent.

HANEY, J. This action is founded upon the following instrument: "$168.00. Jan. 2, 1892. On the 1st day of January, 1894, for value received I promise to pay to the order of W. L. Telford one hundred and sixty-eight dollars, payable at the office of the American Investment Company, Emmetsburg, Iowa, being interest on

principal note of $2,100, signed by John D. Hale, and given to
W. L. Telford, dated September 16, 1887, now extended
to Jan. 1, 1897, which note I assume and agree to pay.
The note bears interest at 12 per cent after due, and
attorney fees if collected by suit. [signed,] John D. Hale."
Defendant, in effect, admitting its execution, alleged an accord and
satisfaction. At the close of all the testimony, both parties moved
for a direction of the verdict. Defendant's motion was sustained,
and plaintiff appealed. In September, 1887, defendant obtained a
loan through the American Investment Company of $2,100, for
which his note was given, payable to the order of W. L. Telford
at the company's office, New York City, January 1, 1892, with in-
terest according to the tenor of five interest coupons thereto at-
tached. The loan was secured by a trust deed to land in Lawrence,
now Meade, county, in this state; E. S. Ormsby being named as
trustee, and W. L. Telford as beneficiary. On January 2, 1892,
Telford and defendant entered into a written contract, extending
the loan for five years from that date, and containing the follow-
ing, among other, stipulations: "In consideration of said extension,
the said John D. Hale hereby agrees to pay interest on said note
from January 1, 1892, until said principal sum shall be fully paid,
at the rate of 8 per cent per annum, payable annually, to wit, on
the first days of January in each year, said interest evidenced by
five interest coupons, of even date herewith, made by John D. Hale,
and payable to the order of W. L. Telford." It was also stipu-
lated that all the conditions, covenants, and agreements contained in
the trust deed should continue in force and apply to the security of
the original note, and the interest to accrue thereon during the
full term of the extension. The instrument sued on is one of the in-
terest coupons or notes mentioned in the extension contract. At

the time of or soon after their execution the extension contract and interest notes, including the one in suit, were delivered to certain trustees, to be held as collateral to certain debenture bonds issued by the American Investment Company. For brevity and convenience these trustees will be termed the "bond trustees." On or before March 3, 1894, the note in suit was delivered to the American Investment Company, under whose control it remained until June 25, 1894, when that company went into the hands of a receiver. It remained under the receiver's control until in April, 1898, when it was purchased by the plaintiff in this action. In December, 1895, certain persons known as the "protective committee", who were interested in the investment company's debenture bonds, purchased defendant's original or principal note of $2,100 of the bond trustees at public auction, with other notes and mortgages held by such trustees as collateral. On January 30, 1896, E. S. Ormsby and W. L. Telford executed and delivered to the protective committee the following assignment: "Know all men by these presents that E. S. Ormsby, trustee, and W. L. Telford, beneficiary, in consideration of the sum of twenty-one hundred and no one-hundredths dollars, in hand paid by William H. Male, Benjamin Graham, William Halls, Jr., and Harris H. Hayden, have sold, assigned, and set over to said William H. Male, Benjamin Graham, William Halls, Jr., and Harris H. Hayden, and their survivors, the mortgage loan of John D. Hale and Annie E. Hale (his wife), secured by mortgage on the following described land, to-wit:   *   *   *   And do hereby sell and assign the note or notes secured thereby, and hereby empower William H. Male, Benjamin Graham, William Halls, Jr., Harris H. Hayden, and their survivors, to do or act in the premises as we might or could. In witness whereof we have hereunto signed our names this 30th day of January, A. D. 1896. E. S. Ormsby,

Trustee. W. L. Telford, Beneficiary." This assignment having been duly acknowledged, was recorded in the proper county, August 6, 1896. In December, 1896, the protective committee and defendant reached a compromise whereby the defendant paid certain taxes, and conveyed the mortgaged premises to the committee, and the committee surrendered defendant's principal note, and entered satisfaction of the mortgage. The parties to this accord and satisfaction evidently understood that it included all of the obligations growing out of the loan. There was no computation of interest, as the amount recognized to be due was regarded as exceeding the value of the property conveyed by defendant.

From the foregoing undisputed facts it will be observed that the real controversy is whether the obligation evidenced by the writing sued on in this action passed to the protective committee with the transfer of the principal note. If it so passed, it was extinguished by the accord and satisfaction. When the principal note was transferred the note in suit was not considered by the bond trustees or the protective committee. It had been previously delivered to the American Investment Company by the bond trustees, acting under the following provisions of the contract relating to the collateral in their possession: "It is further expressly stipulated that the American Investment Company shall be entitled to receive all interest or interest coupons due upon securities in the hands of said trustees, unless the said trustees have notice from the holders of some debenture bond that the interest upon the same is in default; after which time, unless the amount of interest be upon notice promptly paid up, the American Investment Company of Emmetsburg, Iowa, has not been entitled to receive interest or coupons upon said mortgages and securities held by said trustees as security for said debenture bonds which are in default. The said American In-

vestment Company of Emmetsburg, Iowa, expressly reserves the right, at any time to withdraw any securities from the hands of said trustees upon substituting for the same others of equal value of the same character." As the bond trustees had not received notice from the holders of any debenture bonds that the interest upon the same was in default when the note in suit was delivered to the American Investment Company, there was no breach of duty on the part of the trustees in respect to such delivery. At the sale of the principal note to the protective committee it was distinctly announced that the bond trustees sold simply what they had, they offering the bundles of papers to any one for examination, and that they assumed no liabilities and guaranteed nothing in connection with them. Were it not for the written assignment of E. S. Ormsby and W. L. Telford to the gentlemen composing the protective committee, above set forth, there might be reason for contending that the obligation in suit was never transferred to the committee; but such contention cannot be sustained in the face of the written assignment, signed by the trustee and beneficiary named in all the papers connected with the loan, each of whom was during the entire life of the loan an officer or employe of the investment company. This assignment was executed, acknowledged, and recorded before the settlement between the protective committee and defendant was made, and the only person shown to have authority in the matter therein not only assigned and set over the mortgage loan, but expressly "sold and assigned the note or notes secured thereby." Whether or not title to the note in suit passed as an incident of the transfer of the principal note, title thereto was certainly transferred by the written assignment, and therefore defendant's obligation thereunder was extinguished by the accord and satisfaction.

In the view we have taken, it becomes unnecessary to consider

the assignments of error relating to the introduction of evidence. The judgment is affirmed.